SCHUMER v. KOHN et al. (No. 1.)

(Supreme Court, Appellate Term. June 25, 1909.)

CONTRACTS (§ 321*)—BUILDING CONTRACTS—NONPERFORMANCE—SUBCONTRACT-
ORS—OWNER'S LIABILITY.

Where a building contractor abandoned the work, leaving a substantial
part thereof uncompleted, so that the owner was required to expend more
than the balance due the contractor to finish the uncompleted portion,
the owner was not liable for work and material furnished by a subcon-
tractor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1508; Dec. Dig.
§ 321.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Action by David Schumer against Nathan Kohn, impleaded with
others. From a Municipal Court judgment for plaintiff, defendant
Kohn appeals. Reversed, and new trial ordered.

See, also, 111 N. Y. Supp. 728.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Samuel S. Koenig, for appellant.
Pollak & Deutsch, for respondent.

PER CURIAM. The plaintiff, a subcontractor, put up a couple of
cornices, work and material to the value of $20, for and under a con-
tract with the copartnership, Pototzky & Co., which had a contract
with the defendant for certain alterations on the building at 432 East
Fifteenth street belonging to the defendant, who agreed to pay there-
for $1,600, payable (1) $400 on the setting of the beams, windows,
and frames; (2) $400 on the laying of flooring and covering of
roof; (3) $400 on the completion of all the work subject to the own-
er's approval; and (4) final payment of $400 on obtaining certificates
from the building and tenement house departments showing compli-
ance with their requirements. The third payment was never earned,
much less the fourth, as important items of work and of material
undertaken by the contractors were left unperformed and unfur-
nished. The defendant, besides making the first two payments in full,
advanced Pototzky & Co. $300, and also paid one Zwerdling $57 on
the partnership account, leaving of the entire contract price $443 un-
paid.

The plaintiff herein would have it that because the owner, after
Pototzky & Co. had abandoned their job, himself did some work and
supplied some material at a cost of $185, making an expenditure by
the defendant of $1,342, or $258 less than the contract price, he is
bound to pay for the cornices put in under the subcontract with Potot-
zky & Co. On that the plaintiff has recovered a judgment, which must
be reversed, on two of the items unfinished by the contractor, and
which the defendant was obliged to forego or complete himself—38
wardrobes, at $11, $308; 6 mantels, at $7, $42, together amounting to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

$350, which is more than the balance which would have been due the contractors had the work been finished. An effort to sustain the judgment as involving a finding upon a conflict of facts was unsuccessful. Pototzky did testify that he had done all the work; but he and his partner, Wesselkowsky, called by the plaintiff, admitted on cross-examination that, besides failing to supply the wardrobes and mantels mentioned above, they had also failed to put in deafening boards and cleats in the water-closet compartments and flush borders around the new hearths, a new vestibule door, a new front sash, had not finished the woodsheds or furnished pressed crown moldings for the front and vestibule doors. The plaintiff testified to something like an engagement on the part of the defendant to pay him for the cornices. This was not pleaded, was denied, and also practically eliminated on cross-examination. By this failure to show any sum earned and unpaid on the contract, the judgment was unwarranted, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.